I fully concur in the majority's analysis and disposition of appellant's first and second assignments of error.
I also concur in the majority's decision the stipulation read to the jury concerning appellant's prior convictions did not violate the United States Supreme Court's decision in Old Chiefv. United States (1997), 519 U.S. 172. I write separately to clarify my reasons for doing so.
Concededly, the stipulation read to the jury provided them evidence as to the nature of appellant's previous offense, i.e., a "crime of violence" and a "drug-related" offense. InOld Chief, the majority concluded admission of the name or nature of the previous convictions was unduly prejudicial, but specifically noted, "The statutory language in which the prior-conviction requirement is couched shows no congressional concern with the specific name or nature of the prior offense beyond what is necessary to place it with the broad category of qualifying felonies. . . " Id. at 186. The court later went on to explain, "Congress, however, has made it plain that distinctions among generic felonies do not count for this purpose; the fact of the qualifying conviction is alone what matters under the statute." Id. at 190.
Unlike Congress, the Ohio Legislature has made it plain in R.C. 2923.13(A)(2) and (3) any generic felony will not suffice as a qualifying conviction but rather the qualifying conviction must be of a certain nature. The United States Supreme Court specifically found the offer of stipulation or admission inOld Chief left no detail in the federal statute's definition of the qualifying prior-conviction uncovered. Id. at 186. Such cannot be said of appellant's offer of stipulation herein as it left uncovered the requirement the qualifying disability must be a result of a felony "offense of violence" or a "drug-related" offense. The Ohio Legislature has clearly expressed its concern in R.C. 2923.13(A)(2) and (3), the nature of the prior offense is necessary to place it within the broad category of qualifying offenses.
Accordingly, I concur in the majority decision Old Chief is distinguishable. The trial court did not err in its instruction to the jury.
 ------------------------- JUDGE WILLIAM B. HOFFMAN
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
-------------------------
-------------------------
 ------------------------- JUDGES