**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Allen JAHNER, Jr., Defendant–Appellant.**

No. 02–10536.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2003.

Decided Aug. 11, 2003.

Before: REINHARDT, SILER,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

Defendant James Allen "Jamey" Jahner appeals his jury conviction of one count of travel with intent to engage in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(b), and one count of coercion and enticement in violation of 18 U.S.C. § 2422(b). Jahner demands a new trial, arguing that the district court abused its discretion under Federal Rule of Evidence 403 in allowing the jury to see numerous photographs of his penis, and of his masturbating. He claims the photographs were highly prejudicial and of little probative value, given his willingness to stipulate to their contents and to the fact that he sent them to a person whom he believed to be a juvenile. Because the probative value of these images was not outweighed by their potential for unfair prejudice, the district court did not "clear[ly] abuse its discretion." *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir.1996) (stating that "[t]he district court has considerable latitude in performing a Rule 403 balancing and we will uphold its decision absent clear abuse of discretion"), *cert. denied*, 520 U.S. 1117, 117 S.Ct. 1249, 137 L.Ed.2d 330 (1997).

Although distasteful, the photographs were "instrumentalities" of the crime of enticement and coercion. *See United States v. Yazzie*, 59 F.3d 807, 811–12 (9th Cir.1995) (finding that penis-enlargement pump and sexually-explicit magazines were "extremely" probative of the victim's credibility and how the assaults were committed because the victim testified that these items were used during the episodes of sexual abuse and hence were "instrumentalities" of the crime). They also served multiple functions, *see Old Chief v. United States*, 519 U.S. 172, 187, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), including proving the elements of the charged offenses,[1] *see*

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. When questioned during oral argument, counsel for the defense conceded that Jahner

*Estelle v. McGuire,* 502 U.S. 62, 69, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (explaining that "the prosecution's burden to prove every element of the crime is not relieved by a defendant's tactical decision not to contest an essential element of the offense"), establishing the human significance of the defendant's actions, *see Old Chief,* 519 U.S. at 188 (explaining that a proposed stipulation may not be of substantially the same or greater probative value as actual evidence because of the stipulation's failure to "give life to the moral underpinnings of [the] law's claims"), and rebutting Jahner's affirmative defense of entrapment. *See United States v. Davis,* 36 F.3d 1424, 1430 (9th Cir.1994) (citation omitted) (explaining that when the defense of entrapment is at issue, the prosecution "must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime prior to first being approached by government agents"), *cert. denied,* 513 U.S. 1171, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995).

Taking into account the balancing test of Federal Rule of Evidence 403, we are satisfied that the district court did not err in concluding that this case falls within the longstanding rule that "the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Old Chief,* 519 U.S. at 186–87.

**AFFIRMED.**

did not offer to stipulate to the *mens rea* elements of the charged offenses.