**UNITED STATES of America, Plaintiff,**

v.

**Angela JOHNSON, Defendant.**

**No. CR 01–3046–MWB.**

United States District Court,
N.D. Iowa,
Central Division.

March 10, 2005.

Alfred E. Willett, Terpstra, Epping & Willett, Cedar Rapids, IA, Dean A. Stowers, Rosenberg, Stowers & Morse, Des Moines, IA, Patrick J. Berrigan, Watson & Dameron, LLP, Kansas City, MO, Robert R. Rigg, Drake University Legal Clinic, Des Moines, IA, for Defendant.

Charles J. Williams, Patrick J. Reinert, U.S. Attorney's Office Northern District of Iowa, Cedar Rapids, IA, Thomas Henry Miller, Des Moines, IA, for Plaintiff.

## ORDER REGARDING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF IDENTIFICATION OF REMAINS

BENNETT, Chief Judge.

This matter comes before the court pursuant to defendant Johnson's March 7, 2005, Motion In Limine Re: Evidence Of Identification Of Remains (docket no. 348).

The government resisted this motion on March 8, 2005 (docket no. 353), and Johnson filed a reply in further support of her motion on March 9, 2005 (docket no. 354).

In her motion, Johnson contends that the government should be precluded from introducing evidence of the identity of the remains of the five persons named as victims in this case, because the government has refused to accept her stipulation as to the identity of each of the remains. She contends that the situation here is analogous to a defendant's proffer of a stipulation to status as a felon on a felon-in-possession charge, citing *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), and its progeny. The government contends, however, that Johnson's motion is untimely, was filed without leave of court, and is without merit. As to the merits, the government contends that Johnson cannot force the government to stipulate to the identity of the remains, because the government is entitled to the full force of its identification evidence, not only as to identity, but as to the circumstances of the murders. The government also contends that any prejudicial impact will be mitigated by the government's restraint in presenting such evidence, because, for example, the government used in co-defendant Honken's trial only about seventy of the hundreds of photographs of the victims and their remains that the government had available. In reply, Johnson contends that her motion is not untimely, because the issue has only recently arisen. She also argues that the narrow scope of the proposed stipulation concerning *identity* of the remains not only would not prevent the government from putting on evidence pertaining to the victims' remains or their discovery, but falls squarely within the rationale of *Old Chief.*

■ The court is not convinced that Johnson's motion is timely, where the issue of the government's likely use of evidence to prove the identity of the remains has been apparent at least since Honken's trial, well before the deadline for motions in limine in this case. Johnson's belated attempt to obtain a stipulation on the issue does not make the issue "new." Moreover, the parties' excessively accusatory arguments about who is trying to mislead the court as to the circumstances in which the parties failed to reach a stipulation do nothing to clarify the merits of the matter.

■ As to the merits, the court concludes that the evidence and proposed stipulation here do not fall within the narrow exception created in *Old Chief,* but within the general rule that "the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Old Chief,* 519 U.S. at 186–87, 117 S.Ct. 644; *see also id.* at 189, 117 S.Ct. 644 ("[T]he accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense."). In this case, the identity of the remains as the murder victims, when so much time elapsed between the alleged murders and the discovery of the bodies, is the sort of evidence that jurors would reasonably expect in a murder case with such potentially dire consequences as the death penalty. *See id.* at 188, 117 S.Ct. 644 (recognizing that there are circumstances in which there is "the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof should be"). This is not a case in which introduction of evidence concerning identification of the remains, like introduction of evidence of a prior conviction for purposes of a felon-in-possession charge "would be arresting enough to lure a juror into a sequence of

bad character reasoning," because it does not involve improper consideration of the circumstances of a *predicate* offense. *Id.* at 185, 117 S.Ct. 644. Nor is this a case in which a stipulation as to identity of the remains establishes an "abstract premise" that satisfies, in and of itself, a particular step in the course of reasoning, *id.* at 187, 117 S.Ct. 644, such as the defendant's legal status for purposes of a charge like the felon-in-possession charge at issue in *Old Chief. Id.* at 190. Rather, this is a case in which identification of the remains as the murder victims goes to the very core of the offense, including what the defendant is charged with thinking and doing to commit the offense. *See id.* at 191, 117 S.Ct. 644 (finding that proof of status is remote from these issues); *see also United States v. Hall,* 152 F.3d 381, 400 (5th Cir.1998) (citing *Old Chief,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574, but concluding that the defendant's offer to stipulate to the victim's identity and cause of death did not render photographs of the murder victim irrelevant). That said, the court does expect the government to use restraint in its identification evidence, so that the evidence does not become either cumulative or potentially unfairly prejudicial. *See* FED.R.CIV.P. 403 (probative evidence may be excluded on the grounds that it is potentially unfairly prejudicial or cumulative).

THEREFORE, Johnson's belated March 7, 2005, Motion In Limine Re: Evidence Of Identification Of Remains (docket no. 348) is **denied** on the merits.

**IT IS SO ORDERED.**