STATE OF LOUISIANA     *     NO. 2022-K-0843

VERSUS     *

    **COURT OF APPEAL**

BOBBY PARKER     *

    **FOURTH CIRCUIT**

    *

    **STATE OF LOUISIANA**

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 552-950, SECTION "B"
Honorable Tracey Flemings-Davillier, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Nakisha Ervin-Knott)

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

Amber M. Ramanauskas
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

     COUNSEL FOR APPLICANT/DEFENDANT


Jason Rogers Williams
DISTRICT ATTORNEY
Brad Scott
CHIEF OF APPEALS
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119



     COUNSEL FOR RESPONDENT/STATE OF LOUISIANA

**WRIT GRANTED; AFFIRMED IN PART, REVERSED IN PART**
**February 17, 2023**

NEK
RLB

Bobby Parker (hereinafter "Defendant") seeks review of the trial court's November 17, 2022 pretrial ruling granting the State's notice of intent to offer evidence pursuant to La. C.E. art. 412.2 (hereinafter "State's Notice"). For the following reasons, we grant Defendant's writ and affirm in part, reverse in part the trial court's ruling.

### FACTUAL AND PROCEDURAL HISTORY

On December 2, 2021, Defendant was charged with three counts of aggravated rape, a violation of La. R.S. 14:42[1], and three counts of aggravated kidnapping, a violation of La. R.S. 14:44, for three alleged incidents that occurred on May 1, 1993, May 2, 1993, and May 29, 1993.

In the May 1, 1993 incident, Defendant allegedly approached the first victim on a bicycle, asked for directions, and rode away. Shortly thereafter, Defendant

---

[1] Effective August 1, 2015, the crime of aggravated rape was replaced with first degree rape. La. R.S. 14:42(E) provides:

> For all purposes, "aggravated rape" and "first degree rape" mean the offense defined by the provisions of this Section and any reference to the crime of aggravated rape is the same as a reference to the crime of first degree rape. Any act in violation of the provisions of this Section committed on or after August 1, 2015, shall be referred to as "first degree rape".

Because the crimes at issue took place prior to August 1, 2015, the charges, as set forth in the bill of indictment properly describe the crimes as aggravated rapes.

1

allegedly grabbed the victim from behind, placed one hand over her mouth, dragged her inside a utility shed behind an abandoned building, and sexually assaulted her. In the May 2, 1993 incident, Defendant allegedly approached the second victim on a bicycle and lifted his shirt revealing a handgun in his waistband. Defendant allegedly forced the victim into a schoolyard, demanded she remove her clothes, ordered the victim to lay on the ground, and sexually assaulted her. In the May 29, 1993 incident, Defendant allegedly approached the victim, placed a handgun into her side, put one hand around her mouth, and dragged her to a nearby location. Defendant allegedly ordered the victim to remove her pants, demanded she lay on the ground on her stomach, and sexually assaulted her.

The State's Notice was filed on July 14, 2022 seeking to introduce evidence of two incidents involving the Defendant that occurred on September 18, 1993 and May 22, 1994. During the September 18, 1993 incident, Defendant threatened a nineteen year old female with a gun, forced her away from the bus stop where she was standing, made her lie down and proceeded to "pull[] her pants down and partially disrobe[] her….", until the police arrived on the scene and he fled. Shortly thereafter, Defendant was apprehended and ultimately pled guilty to the amended charge of simple kidnapping. During the May 22, 1994 incident, Defendant struck a thirty-three year old female "in the chest area with a hard right forearm" then "aggressively removed … jewelry from [her] neck." Fearing for her life, the victim was able to retrieve a weapon from under her arm and shot defendant in the leg. Defendant pled guilty to the amended charge of simple robbery. Defendant filed a reply to the State's Notice requesting the trial court exclude this evidence under Article 412.2.

The trial court conducted a hearing on November 17, 2022 regarding the State's Notice and ruled that it "will grant the State's 412.2 notices at this time." Defendant now seeks supervisory review of the trial court's ruling allowing the La. C.E. art. 412.2 evidence.

## DISCUSSION

"A trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. This same standard is applied to rulings on the admission of other crimes evidence and evidence under La. C.E. art. 412.2." *State v. McClendon,* 17-0160, p.17 (La.App. 4 Cir. 9/27/17), 228 So.3d 252, 263. Mr. Parker asserts that the trial court erred in denying his motion to exclude La. C. E. art. 412.2 evidence, thus admitting into evidence the two prior incidents of September 18, 1993 and May 22, 1994.

### *La. C.E. art. 412.2*

Louisiana Code of Evidence Article 412.2(A) states:

> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

In order for any La. C.E. art. 412.2 evidence to be admissible, it must pass the balancing test of La. C.E. art. 403, which states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." As used in La. C.E. art. 403, "unfair prejudice" means that "the offered evidence has 'an undue tendency to suggest decision on an

3

improper basis, commonly, though not necessarily, an emotional one.' " *State v. Klein*, 18-0022, p. 19 (La. App. 4 Cir. 8/22/18), 252 So.3d 973, 985 (quoting Author's Note (3), La. C.E. art. 403, *Handbook on Louisiana Evidence Law*, Pugh, Force, Rault & Triche, p. 380 (2011)). *See also State v. Rose*, 06-0402, p. 13 (La. 2/22/07), 949 So.2d 1236, 1244 ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.") (citing *Old Chief v. United States,* 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997)).

### *September 18, 1993 Incident*

The September 18, 1993 incident that the State seeks to admit is relevant to show Defendant's sexually assaultive behavior as the degree of similarity between this incident and the present charges of aggravated rapes and aggravated kidnappings is significant. Regarding the September 18, 1993 incident, Defendant asserts that he did not plead guilty to a sexual offense. However, according to the police report, Defendant allegedly forced the victim away from where she was standing near a bus stop and proceeded to "pull[] her pants down and partially disrobe[] her…." This Article 412.2 evidence is highly probative, and its similarity to the crimes with which defendant is presently charged points to a finding that it is precisely the type of evidence which Article 412.2 was enacted to allow. We find that the probative value of the September 18, 1993 incident is not substantially outweighed by the dangers of unfair prejudice. Thus, as it relates to the September 18, 1993 incident, the trial court did not abuse its discretion in allowing the Article 412.2 evidence.

### *May 22, 1994 Incident*

4

With regard to the May 22, 1994 incident, the pertinent police report and Defendant's ultimate conviction on the charge of simple robbery, do not reflect any sexually assaultive behavior. Concerning the May 22, 1994 incident, Defendant struck the victim "in the chest area with a hard right forearm." Such conduct does not fall under Article 412.2 because nothing suggests sexual contact. Assaulting a victim by hitting her in the chest with one's forearm during a robbery does not constitute a sexual assault, and, as such, is not particularly probative of the presently charged offenses of aggravated rape and aggravated kidnapping. Accordingly, as it relates to the May 22, 1994 incident, the trial court abused its discretion in allowing the Article 412.2 evidence.

## DECREE

Based on the foregoing reasons, we grant Defendant's writ application, affirm in part the trial court's November 17, 2022 judgment as it relates to the September 18, 1993 incident, and reverse in part the judgment as it relates to the May 22, 1994 incident.

**WRIT GRANTED; AFFIRMED IN PART, REVERSED IN PART**