**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 99-4544

ROGER DALE HODGES,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-99-5)

Submitted: February 29, 2000

Decided: April 24, 2000

Before WIDENER and MICHAEL, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P.,
Richmond, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Rick A. Mountcastle, Assistant United States Attor-
ney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roger Dale Hodges appeals from sentences totaling 168 months following his convictions for two counts of possession of firearms and ammunition by a felon, 18 U.S.C.A. § 922(g)(1) (West Supp. 1999), and possession with the intent to distribute marijuana, 21 U.S.C. § 841(a) (1994). We have reviewed the record, find no reversible error, and affirm.

Hodges claims that the evidence was insufficient to support his convictions. This court reviews a jury verdict for sufficiency of the evidence by determining whether there is substantial evidence, when viewed in a light most favorable to the government, to support the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999). In order to prove that Hodges violated 18 U.S.C.A. § 922(g)(1), the Government had to prove that: (1) he was previously convicted of a felony and his right to possess a firearm had not been restored; (2) he knowingly possessed the firearm; and (3) the firearm that he possessed had traveled in or affected interstate commerce. See United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). To show Hodges' guilt on the drug charge, the Government had to demonstrate that Hodges knowingly and intentionally possessed the marijuana and that he had the specific intent to distribute it. See 21 U.S.C.A. § 841(a). We have reviewed the record and find that substantial evidence supported the jury's verdicts.

Hodges also claims that the trial court erred when it admitted evidence of his prior convictions. This court reviews a district court's evidentiary rulings for an abuse of discretion. See United States v.

2

Grimmond, 137 F.3d 823, 831 (4th Cir.), cert. denied, ___ U.S. ___, 119 S. Ct. 124 (1998). Although a defendant's prior bad acts may not be admitted to show his conformity therewith, see Fed. R. Evid. 404(b), such evidence may be admissible if it is:"(1) relevant to some issue other than character, (2) necessary to prove an element of the crime charged, and (3) reliable." See United States v. Van Metre, 150 F.3d 339, 349 (4th Cir. 1998). Although Fed. R. Evid. 404(b) is an inclusive rule, see Grimmond, 137 F.3d at 831, certain evidence meeting the criteria of this rule will be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403. Unfair prejudice refers to evidence that has a tendency "to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." See Old Chief v. United States, 519 U.S. 172, 180 (1997). The record discloses that the district court did not abuse its discretion in admitting the prior acts evidence.

Accordingly, we affirm Hodges' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3