UNITED STATES of America,
Plaintiff–Appellee,

v.

Quincy Lavell ANTHONY,
Defendant–Appellant.

No. 99–5935.

United States Court of Appeals,
Sixth Circuit.

July 9, 2001.

Before NELSON and BATCHELDER, Circuit Judges, and FEIKENS, District Judge.[*]

NELSON, Circuit Judge.

This is an appeal from a conviction on a cocaine charge. The defendant, Quincy Anthony, challenges the conviction on the theory that the trial court committed reversible error in allowing police witnesses to mention that they worked for a "drug task force." The references to the task force, according to Mr. Anthony, unfairly bolstered the witnesses' credibility, were excludable under Federal Rule of Evidence 403, and violated his due process rights. Unpersuaded, we shall affirm the conviction.

I

Mr. Anthony was arrested in October of 1998 while traveling by automobile with a drug informant named Lucien Kee. Mr. Kee had previously told police investigators Steve Lee and Andy Dickson that he and Mr. Anthony would be driving past a particular spot on their way back from a

[*] The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

drug transaction. Investigators Lee and Dickson were both members of the "24th Judicial District Drug Task Force," a group comprising law enforcement officials of various counties in Tennessee's 24th judicial district.

Investigator Lee and a Sergeant Dennis Taylor lay in wait at the designated place until they saw the car, which was driven by Mr. Kee. When the officers gave chase, Mr. Anthony threw a bag of cocaine out the passenger's window. The car was then stopped and Anthony was arrested. In due course he was tried before a jury in the federal district court for the Western District of Tennessee. The jury found him guilty of possessing cocaine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1).

During the proceedings, the district court denied a motion *in limine* in which Mr. Anthony sought to block Investigators Lee and Dickson from being identified as members of a "drug task force." The motion was based on Rule 403, Fed. R.Evid., the text of which is set forth in the margin.[1]

When Investigator Lee testified at trial, the government's counsel brought out the fact that Lee worked for the "drug task force." The government subsequently called Andy Dickson, who stated that he also worked for the drug task force.

## II

■ Mr. Anthony argues that the allusions to the witnesses' association with a drug task force created an "unnecessary illusion of significance." When an officer testifies as a member of a task force, claims Mr. Anthony, "he suddenly becomes an unrefuted expert in the eyes of the jury," and the jury will be "more likely to believe" the witness's testimony. This, in turn, is said to make the officers' testimony unfairly prejudicial under Rule 403.

■ A deferential "abuse of discretion" standard governs our review of the denial of Mr. Anthony's motion. As the United States correctly points out, this court has stated that "[u]nder such a standard of review, this court takes a maximal view of the probative effect of the evidence and a minimal view of its unfairly prejudicial effect, and will hold that the district court erred only if the latter outweighs the former." *United States v. Sassanelli*, 118 F.3d 495, 498 (6th Cir.1997).

Unfortunately for Mr. Anthony, there appears to be no precedent for the claim that Rule 403 precludes police witnesses from disclosing their membership in a task force. Neither is there any precedent for Mr. Anthony's due process claim.

Mr. Anthony cites *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), in which the Supreme Court held that Rule 403 required that a defendant be allowed to stipulate to a prior conviction when prosecuted under a statute (18 U.S.C. § 922(g)(1)) that penalized gun possession by a felon. Because the gun crime depended solely on the existence of *some* prior felony conviction, it was held to be needlessly prejudicial to introduce evidence of the specific nature of that felony. The relevance of *Old Chief* to the present situation escapes us. What is necessary is some demonstration that the testimony at issue in Mr. Anthony's case was unfairly prejudicial and that its probative value was substantially outweighed by

---

1. Rule 403 provides as follows:
   "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

its prejudicial effect. No such demonstration has been forthcoming.

Allowing police officers to identify themselves as members of a task force is not unfairly prejudicial. In this case the identification illuminated the officers' background and explained their acquaintance with the drug informant. There is no reason to think that the mere mention of a "drug task force" had an unfair impact on the jury's estimation of the witnesses' credibility. The district court did not err in denying the motion *in limine*.

AFFIRMED.