**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ramiro PELAYO–JIMENEZ,
Defendant–Appellant.**

No. 00–10519.

D.C. No. CR–99–01568–RCC.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2001 *.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Decided Dec. 18, 2001.

Before KOZINSKI, RYMER, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Pelayo–Jimenez appeals his conviction by a jury of conspiracy to possess with the intent to distribute marijuana, conspiracy to import marijuana from Mexico, and importation of marijuana from Mexico, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 952(a). His sentence for possessing marijuana was imposed pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and the sentence for importing marijuana was imposed pursuant to 21 U.S.C. § 960. He raises six issues on appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, and affirm the district court's judgment.

Because the parties are familiar with the facts, we will not recite them in detail except as necessary.

■ First, Pelayo contends that the district court erred in denying his motion for mistrial for jury misconduct, arguing that the judge should have questioned the entire jury panel about the juror's improper remark. We review a trial court's decision regarding jury incidents for abuse of discretion. *See United States v. Beard,* 161 F.3d 1190, 1194 (9th Cir.1998). A trial court has considerable discretion in determining whether to conduct a hearing regarding jury misconduct, and in defining the extent and nature of its inquiry. *See United States v. Hendrix,* 549 F.2d 1225, 1227–28 (9th Cir.1977).

■ Under the circumstances presented here, the district judge did not abuse his discretion in limiting his inquiry into juror misconduct to an examination of the offending juror and the deputy clerk. Pelayo's attorney specifially agreed to that procedure. We find no abuse of discretion in either the procedure followed or the denial of the mistrial motion.

■ Second, Pelayo argues that the district court erred in admitting a document bearing Pelayo's name that was found in the truck Pelayo was driving. Pelayo argues that the document was not properly authenticated. We review a trial

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

court's decision to admit or exclude evidence for abuse of discretion. *See United States v. Wright,* 215 F.3d 1020, 1025 (9th Cir.2000).

■ Under Federal Rule of Evidence 901, evidence is properly authenticated if its proponent produces evidence "sufficient to support a finding that the matter in question is what its proponent claims." Here, Inspector Payan's identification of the document bearing Pelayo's name as the same one he found in the truck Pelayo was driving is sufficient to authenticate the document. Pelayo now argues that the document was inadmissible as hearsay. However, because Pelayo did not raise a hearsay objection at trial, he has waived that issue on appeal. The district court therefore did not abuse its discretion in admitting the document.

■ Third, Pelayo argues that the district court erred in not allowing the defense counsel to examine Agent Rodriguez regarding her interrogation of Pelayo, to show that he cooperated with the government during his detention. We review a district court's evidentiary rulings for abuse of discretion. *See Old Chief v. United States,* 519 U.S. 172, 174 n. 1, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). The district judge did not abuse his discretion in ruling that Pelayo's proffered evidence was a "back-door" attempt to introduce the substance of his exculpatory statements made during the interrogation. Such statements are inadmissible hearsay when offered by the defendant. *See* Fed. R.Evid. 801(d)(2).

■ Fourth, Pelayo argues that his right to a fair trial was violated by six incidents of prosecutorial misconduct. Allegations of prosecutorial misconduct are reviewed for plain error where, as here, no objection is made at trial. *See United States v. Sanchez,* 176 F.3d 1214, 1218 (9th Cir.1999). None of the six incidents to which Pelayo objects amounts to plain error. The "low tire" argument, although unfortunately phrased in personal terms, merely invoked common knowledge and experience. Besides, the jury was instructed that the lawyers' statements are not evidence. The prosecutor's other alleged misstatements of evidence during closing argument were slight, if they were misstatements at all, and do not amount to plain error. Even considered cumulatively, the allegedly improper arguments could not have materially affected the verdict, and therefore do not require reversal.

Fifth, Pelayo argues that the cumulative effect of all of the above was so prejudicial as to warrant reversal. Based on our review of the record, we disagree.

Finally, Pelayo argues that his convictions under 21 U.S.C. §§ 841 and 960 should be vacated under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Pelayo's facial challenge to § 960 is identical to that of § 841. The constitutionality of 21 U.S.C. § 841 is challenged in *United States v. Buckland,* No. 99–30285 (en banc rehearing Sept. 26, 2001). We defer ruling on this issue pending our court's en banc opinion in *Buckland.*

AFFIRMED IN PART; DEFERRED IN PART.