UNITED STATES of America,
Appellee,

v.

Minerva PYLE, a/k/a Minerva Lachira,
a/k/a Soyuza Morotte, Defendant–
Appellant.

No. 01–1605.

United States Court of Appeals,
Second Circuit.

Sept. 25, 2002.

David Lewis, Of Counsel, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Appellant.

Eric B. Bruce, Assistant United States Attorney for the Southern District of New York, New York, NY; James B. Comey, United States Attorney, and Celeste L. Koeleveld, Assistant United States Attorney, on the brief, for Appellee.

Present: JACOBS, POOLER, Circuit Judges, and BAER, Jr.,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant–Appellant Minerva Pyle ("Pyle") appeals from a final judgment of conviction, on two counts of knowingly making material false declarations while under oath in a civil proceeding in federal court, in violation of 18 U.S.C. § 1623, after a jury trial in the United States District Court for the Southern District of New York (Keenan, J.).

On appeal, Pyle argues that (1) the evidence at her criminal trial was insufficient to show that her false declarations were material, (2) the district court abused its discretion by admitting "consciousness of guilt" evidence that Pyle had failed to comply with a subpoena to provide handwriting exemplars, and (3) the district court erred by not instructing the jury that this evidence was irrelevant to whether her declarations were material.

■ 1. "[A] concealment or misrepresentation is material if it has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed." *Kungys v. United States*, 485 U.S. 759, 770–71, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988) (internal quotations omitted); *see*

also *United States v. Guariglia*, 962 F.2d 160, 164 (2d Cir.1992). Pyle argues that, because she was not a party to the civil proceeding before Judge Rakoff in which she testified falsely, and because the court ultimately granted summary judgment on a basis that did not implicate facts that were the subject of her declarations, no reasonable jury could have found that her false declarations were capable of influencing Judge Rakoff's decision.

We disagree. The proceeding was brought on a note. It must be expected that the orderly disposition of such a case would entail a finding as to who signed the note. Pyle's false declarations concerning who was the signatory unnecessarily prolonged the summary judgment proceedings by leading Judge Rakoff to take writing samples of Pyle and the other possible signers, and to decide whether the noteholders' witness was lying. At the very least, Pyle's declarations were material insofar as they could have undermined the noteholders' case by calling into question the credibility of their sole witness. In addition, the prolongation of the proceedings extended her occupancy of the premises, which was material to the proceedings because one object of the lawsuit was to evict her.

■ 2. In her criminal trial, Pyle stipulated to the fact that, contrary to her testimony before Judge Rakoff, the only handwriting at issue in the civil proceedings was hers. She argues that this stipulation "suppl[ied] evidentiary value at least equivalent to what the Government's [consciousness of guilt] evidence carried," *Old Chief v. United States*, 519 U.S. 172, 186, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), and that admission of this evidence was therefore an abuse of discretion.

---

Pyle stipulated that the handwriting was hers, and thereby stipulated to no more than that she made a false declaration under oath. The consciousness of guilt evidence, however, tended to show in addition that she knew the declaration was false. Knowledge was an element of the charged crime that the government had the burden of proving at trial. *See* 18 U.S.C. § 1623; *Mathews v. United States*, 485 U.S. 58, 64–65, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). Thus, Pyle's stipulation was not "at least equivalent" to the consciousness of guilt evidence.

3. In challenging the jury charge, Pyle "has the burden of showing that [the] requested charge accurately represented the law in every respect and that, viewing as a whole the charge actually given, [she] was prejudiced." *United States v. Ouimette*, 798 F.2d 47, 49 (2d Cir.1986). Pyle is "entitled to a jury charge that accurately reflects the applicable law," but she "does not have the right to dictate the precise language of a jury instruction." *United States v. Imran*, 964 F.2d 1313, 1317 (2d Cir.1992).

Pyle argues that the district court erred in not specifically instructing the jury that the consciousness of guilt evidence was irrelevant to materiality. The district court made sufficiently clear that the jury could not "infer on the basis of [the consciousness of guilt] evidence alone[ ] that the defendant is, in fact, guilty of the crimes for which she is charged." G.A. at 317. Viewing the charge as a whole, we find no error in this instruction.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**