**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Edgar TOLENTINO, Defendant— Appellant.**

**No. 03–50251.**

United States Court of Appeals, Ninth Circuit.

June 8, 2005.

---

Maura Quinn, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Kevin M. Bringuel, Esq., FDCA—Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant—Appellant.

Before: RYMER and GRABER, Circuit Judges, and MOLLOY,* Chief District Judge.

## MEMORANDUM **

Defendant Edgar Tolentino appealed his convictions for importing marijuana and for possession of marijuana with intent to distribute it, in violation of 21 U.S.C. §§ 841, 952, and 960. We affirmed Defendant's conviction and sentence in a memorandum disposition. *United States v. Tolentino,* 98 Fed. Appx. 694, 2004 WL 1178714 (9th Cir.2004) (unpublished disposition). The Supreme Court vacated that disposition and remanded to this court in light of *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Tolentino v. United States,* — U.S. ——, 125 S.Ct. 996, 160 L.Ed.2d 1030 (2005). We affirm Defendant's conviction, but remand the sentence to the district court.

■ 1. Defendant first argues that he was improperly denied discovery regarding the qualifications of a drug-detector dog and that border agents relied improperly on the dog's alert to find reasonable suspicion to search the gas tank of his vehicle. That argument is foreclosed by *United States v. Flores–Montano,* 541 U.S. 149, 124 S.Ct. 1582, 158 L.Ed.2d 311 (2004), which held that no suspicion is required for a border search of a gas tank.

■ 2. The district court did not err in allowing expert testimony about the structure of drug organizations to explain why there were no fingerprints taken from the gas tank. Defendant opened the door to this evidence by inquiring into the failure to look for fingerprints, and the court warned him that he was opening the door. Assuming that the evidence went beyond the scope of the defense's inquiry, any error was harmless because of Defendant's *Mirandized* confession.

■ 3. The district court did not abuse its discretion by allowing testimony regarding the value of the marijuana because this testimony was relevant to show both that the marijuana was not for personal use and that Defendant knew of the presence of contraband in his gas tank. Moreover, even though he was willing to stipulate that the drugs were of a distributable amount, Defendant's reliance on *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), is misplaced. Its holding is limited to proving status as a felon. *United States v. Allen,* 341 F.3d 870, 888 (9th Cir.2003), *cert. denied,* 541 U.S. 975, 124 S.Ct. 1876, 158 L.Ed.2d 471 (2004). Even if there was error, it was harmless.

■ 4. The government gave adequate notice and explanation of the bases for the expert's opinion. The court did not abuse its discretion by allowing the government to substitute experts, because their testimony was essentially identical.

■ 5. Finally, the prosecutor's statements in closing argument do not warrant reversal. The arguments were permissible responses to defense counsel's theory

---

* The Honorable Donald W. Molloy, Chief Judge, United States District Court for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that Defendant was an unknowing courier and to his argument that the customs agent was responsible for inconsistencies in Defendant's statements.

6. Defendant challenges the sentence imposed by the district court, arguing that the court erred in its determination of the total drug weight involved in the offense. Appellant's sentence is remanded for further proceedings in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

Convictions AFFIRMED; sentence REMANDED.