## UNITED STATES of America

### v.

## William J. JEFFERSON, Defendant.

### Criminal No. 1:07cr209.

United States District Court,
E.D. Virginia,
Alexandria Division.

May 27, 2009.

See also 546 F.3d 300.

Mark Lytle, Rebeca H. Bellows, United States Attorney's Office, Alexandria, VA, Charles E. Duross, U.S. Department of Justice, Washington, DC, for United States of America.

Amy Berman Jackson, Robert Powel Trout, Gloria B. Solomon, Trout Cacheris PLLC, Washington, DC, for Defendant.

## ORDER

T.S. ELLIS, III, District Judge.

In this multi-count bribery, RICO, money laundering, and honest services wire fraud prosecution[1] of a now-former Member of Congress,[2] defendant has moved to exclude (i) the congressional oath of office ("the Oath") and certain rules of the House of Representatives ("House Rules"); and (ii) evidence and argument regarding defendant's alleged failure to disclose his financial interests in various businesses to foreign government officials, to U.S. government officials, or on travel or financial disclosure forms.

The Oath and certain House Rules are referenced in the Indictment, and the government seeks to introduce these items in the course of its case-in-chief. Specifically, paragraph 6 of the Indictment quotes, in full, the Oath each Member is required to take at the beginning of a new Congress, which includes the following phrase the government contends is pertinent to this case: "I will well and faithfully discharge the duties of the office on which I am about to enter." Additionally, paragraph 7 of the Indictment summarizes six House Rules, all of which defendant seeks to exclude: (i) clause 3 of the House Code of Official Conduct, which prohibits a Member from receiving compensation as a result of the improper exercise of influence ("the Improper Influence Rule");[3] (ii) a provision of a rule entitled "Limitations on Outside Earned Income and Acceptance of Gifts" that provides that a Member may not "have outside earned income attributable to a calendar year that exceeds 15 percent of [a certain] annual rate of basic pay;" (iii) a provision of the same rule that prohibits a Member from accepting a gift worth more than $250 on the basis of personal friendship unless the Member obtains a written determination from the Committee on Standards of Official Conduct that the personal friendship exception to the gift rule applies; (iv) a rule entitled "Financial Disclosure," which expressly incorporates Title I of the Ethics in Government Act of 1978 and requires Members to file annual financial disclosure statements with the Clerk of the House; (v) a provision that allows a Member to accept reimbursement from certain private sources for "expenses for travel to a meeting, speaking engagement, factfinding trip, or similar event in connection with his duties as an officeholder;" and (vi) a provision that requires a Member taking such a trip to file a travel disclosure form with a certification that the travel was in connection with his duties as an officeholder.

■ Defendant's motion raises two principal grounds for excluding the Oath and House Rules. First, defendant challenges admission of the Oath and all of the House Rules summarized in the Indictment under Rule 403, Fed.R.Evid. Yet, prior to considering defendant's Rule 403 objection, it is first necessary to consider whether any of the challenged evidence is inadmissible under Rule 402, Fed.R.Evid.,

---

1. The Indictment's allegations are set forth in greater detail in *United States v. Jefferson*, 534 F.Supp.2d 645, 646–48 (E.D.Va.), *aff'd*, 546 F.3d 300 (4th Cir.2008), *cert. denied*, — U.S. ——, 129 S.Ct. 2383, 173 L.Ed.2d 1294 (2009).

2. At the time the Indictment was returned defendant was the sitting member of the United States House of Representatives for Louisiana's 2nd Congressional District.

3. In pertinent part, clause 3 of the House Code of Official Conduct states that "[a] Member ... of the House may not receive compensation and may not permit compensation to accrue to his beneficial interest from any source, the receipt of which would occur by virtue of influence improperly exerted from his position in Congress." House Rule XXIII, clause 3.

for lack of relevance. The rule on official travel, combined with the travel forms defendant submitted pursuant to the rule, are clearly relevant, *inter alia,* to the official act element of the bribery charges. Additionally, the rules requiring the filing of annual financial disclosure statements and limiting outside earned income and the acceptance of gifts are relevant to defendant's motive to conceal his alleged conduct and to his alleged intent to commit honest services wire fraud. Yet, the Oath and the Improper Influence Rule fail under Rule 402; the government has failed to explain, as it is required to do as the proponent of the evidence, how either of these items of evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Fed.R.Evid. Accordingly, the Oath and the Improper Influence Rule are inadmissible, and hence the government may not offer either in its case-in-chief.

■ Next, because the remaining rules are relevant under Rule 402, it is necessary to consider whether these rules pass muster under Rule 403. In this regard, it is clear that the House Rules that survive scrutiny under Rule 402 are not barred by Rule 403, which only authorizes the exclusion of relevant evidence "it its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, Fed.R.Evid. Significantly, Rule 403 "only requires suppression of evidence that results in unfair prejudice—prejudice that damages an op-

ponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice *substantially* outweighs the probative value of the evidence." *United States v. Mohr,* 318 F.3d 613, 619–20 (4th Cir.2003) (internal quotation marks and citation omitted); *see also Old Chief v. United States,* 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."). Here, with respect to the relevant House Rules, the danger of unfair prejudice is minimal, as is the risk that the jury will be misled or confused, given that the jury will be instructed that defendant is not on trial for a violation of the House Rules, but only for the offenses alleged in the Indictment, and that the House Rules are admitted only for the limited purpose of their relevancy to the various elements of the charged offenses. Accordingly, Rule 403 is no bar to the admission of these House Rules.

■ Defendant's second ground for challenging the admission of the Oath and certain of the House Rules is a nonjusticiability / separation of powers argument based on the Rulemaking Clause of Article I of the Constitution.[4] Importantly, defendant only raises this argument against (i) the Oath, (ii) the Improper Influence Rule, and (iii) the rule on officially connected travel. Given that the Oath and the Improper Influence Rule are inadmissible under Rule 402, it is only necessary to consider defendant's nonjusticiability argument as it relates to the rule on officially connected travel. Essentially, defendant contends that this rule is ambigu-

---

4. The Rulemaking Clause provides that "[e]ach House may determine the rules of its proceedings." U.S. Const. art. I, § 5, cl. 2.

ous and that allowing the government to introduce the official travel rule as evidence would likely require judicial interpretation of the ambiguities, an impermissible exercise in light of the Rulemaking Clause. In support of this argument, defendant relies on *United States v. Rostenkowski*, 59 F.3d 1291, 1306 (D.C.Cir.1995), in which the D.C. Circuit explained that "the Rulemaking Clause of Article I clearly reserves to each House of the Congress the authority to make its own rules, and judicial interpretation of an ambiguous House Rule runs the risk of the court intruding into the sphere of influence reserved to the legislative branch under the Constitution." Yet, *Rostenkowski* does not support the proposition that House Rules are never admissible; rather, the D.C. Circuit correctly made clear that a justiciability problem only arises when a court must interpret a House Rule that is ambiguous as applied to the facts of that case. *See id.* at 1310 ("In sum, unless we can determine that the facts set out in a particular allegation could not be authorized under any reasonable interpretation of the House Rules, we must find that allegation non-justiciable."). Here, despite defendant's argument to the contrary, the rule of official travel lacks ambiguity as applied to the facts alleged in the Indictment, a fatal flaw in defendant's nonjusticiability argument.

■ Additionally, defendant's nonjusticiability challenge to the official travel rule also fails based on Congress's enactment of the Ethics Act. In that statute, Congress empowered the Attorney General to prosecute members of Congress who knowingly and willfully falsified or knowingly and willfully failed to file a financial disclosure statement. *See* 5 U.S.C.App. § 104; 18 U.S.C. § 1001. Through this authorization, Congress indicated its intent not to be the exclusive interpreter of the particular House Rules implicated by the required answers to the financial disclosure statements. *See United States v. Rose*, 28 F.3d 181, 190 (D.C.Cir.1994) ("[B]y codifying these requirements in a statute, Congress has empowered the executive and judicial branches to enforce them...."). Given that the standard financial disclosure form asks members whether they received reimbursements for officially connected travel, Congress's enactment of the Ethics Act thus represents another ground on which defendant's nonjusticiability challenge to the official travel rule founders. In sum, then, although the Oath and the Improper Influence rule are inadmissible, defendant's Rule 403 challenge fails, as does his nonjusticiability argument against admission of the rule on official travel. The government may thus introduce in its case-in-chief the House Rules summarized in the Indictment, with the exception of the Improper Influence Rule.

■ With respect to the portion of defendant's motion that seeks to preclude the government from introducing evidence that defendant allegedly failed to disclose his financial interests in various businesses, defendant argues that such evidence should be excluded under Rules 402 and 403, Fed.R.Evid.[5] Specifically, defendant argues that in the absence of an affirmative duty to disclose his financial interests to foreign government officials, to U.S. government officials, or on travel or financial disclosure forms, defendant's alleged failure to disclose his interests is

---

**5.** Notably, defendant correctly does not assert a hearsay objection against defendant's financial disclosure statements or travel forms. Such an objection would clearly fail as the forms defendant submitted are statements by a party-opponent under Rule 801(d)(2), Fed. R.Evid.

without probative value and unfairly prejudicial. This argument fails to persuade because defendant's alleged repeated failure to disclose his financial interests in certain businesses is relevant to his intent to commit honest services wire fraud. Further, the admission of such evidence raises no real danger of unfair prejudice, and hence its probative value is not substantially outweighed. *See Mohr*, 318 F.3d at 619–20.

Accordingly, for these reasons and for the reasons stated from the Bench,

It is hereby **ORDERED** that defendant's motion *in limine* to exclude House Rules, Oath, and alleged failures to disclose (Dkt. No. 344) is **GRANTED IN PART** and **DENIED IN PART**. It is granted insofar as the government may not introduce evidence of the Oath or the Improper Influence Rule in its case-in-chief. It is denied in all other respects.

It is further **ORDERED** that either party may seek a reconsideration of these rulings based on the evidence presented during the course of trial.

The Clerk is directed to send a copy of this Order to all counsel of record.

See also 546 F.3d 300.