*92 TASHIMA, Circuit Judge,
dissenting:
Because I would reverse the conviction and remand for a new trial, I respectfully dissent.
This was a close case, and the 403 evidence played a pivotal role in the re-trial, which ended with a conviction, after the first trial ended in a hung jury. Two jailhouse informants, Hon Phock and Sica Lam, testified that defendant Colon admitted to them that he possessed a gun on the night in question, and that he possessed the gun because he intended to shoot a man named “Face” over a drug debt. The defense’s objection that the second half of this statement — about the purpose for which Colon possessed a gun — should be excluded under Fed.R.Evid. 403 was overruled.
Although, as the majority points out, the District Court did state that “the probative value, that is the admission, is not substantially outweighed by any amount of unfair prejudice,” Maj. Op. at 89 (quoting District Court’s ruling), we have held that such a conclusory statement, without more, does not constitute a “rational explanation” of the trial court’s reasoning. United States v. Palma-Ruedas, 121 F.3d 841, 852 (3d Cir.1997), overruled on other grounds by United States v. Rodriguez-Moreno, 526 U.S. 275, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999). The District Court’s reasoning on the Rule 403 objection is not apparent from the record in this case.[1] Therefore, I believe our review of the District Court’s ruling on this point should be de novo. See United States v. Sriyuth, 98 F.3d 739, 745 n. 9 (3d Cir.1996); United States v. Himelwright, 42 F.3d 777, 781 (3d Cir. 1994).
The majority concludes that the District, Court did not abuse its discretion because “evidence of motive is admissible to prove possession of a firearm.” Maj. Op. at 91. Like the District Court, however, the majority engages in only half the inquiry required by Rule 403. Evidence does not need to lack any probative value whatsoever to be subject to exclusion under Rule 403. Instead, the Rule 403 analysis is a balancing test that requires the District Court to balance the probative value against the danger of unfair prejudice. The greater the danger of unfair prejudice, the more probative the evidence needs to be to pass muster under the test. See United States v. Murray, 103 F.3d 310, 319 (3d Cir.1997).
The majority cites to our recent holding in United States v. Lee, 612 F.3d 170 (3d Cir.2010), but that case is clearly distinguishable for several reasons. First, the court in that case found that the evidence in dispute was “highly probative.” Id. at 190. The defendant in that case had, like Colon, been convicted of being a felon in possession of a firearm. Id. at 174. He had stated to a police officer that he did have access to guns and would use them against anyone who threatened him or his *93 family; however, he denied possessing any guns at the time that he was charged, and the government’s case was based largely on circumstantial evidence. Id. at 175-76. Lee’s statements about his willingness to shoot people, because they showed that he had a motive to possess a gun, were highly probative in the context of the rest of the available evidence. Here, in contrast,' the government also offered testimony that Colon had admitted that he had a gun on the night in question. While the Face testimony does supply a motive for possession, motive is of little probative value when a flat-out confession is offered into evidence. See Old Chief v. United States, 519 U.S. 172, 185, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) (the probative value of a piece of evidence should be evaluated in comparison to the probative value of “evi-dentiary alternatives”); cf. United States v. Universal Rehabilitation Servs., 205 F.3d 657, 667 (3d Cir.2000) (en banc) (deciding against Rule 403 exclusion in part because alternative evidence was not equally probative with the evidence in dispute).
Second, the danger of unfair prejudice from the admitted evidence in Lee was far less than in this case. Lee had simply stated that he was willing to use guns in response to threats. But the testimony in this case was that Colon planned to commit a premeditated murder that was not motivated by self-defense.
Here, the prejudicial effect of the statement was devastating — Colon was, in effect, being'charged with a much more serious crime — premeditated murder — than the crime for which he was on trial. And the government, in closing argument, impressed the jury with this fact.[2] The District Court gave no limiting instruction.[3]
In Old Chief, the Supreme Court was faced with a similar Rule 403 issue of whether, in a § 922(g) prosecution, the government was entitled to admit the identity and description of the prior offense, as well as the fact of the prior conviction. Noting that “there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant,” 519 U.S. at 185, 117 S.Ct. 644, the Court answered the question in the negative. Id. at 191-92, 117 S.Ct. 644. Thus, it cannot be gainsaid that evidence of the purpose or motive for which Colon was carrying a gun was highly prejudicial. And the District Court erred by not, explicitly on the record, weighing this prejudicial effect against the statement’s additional probative value, as required by Rule 403 and our case law.
In the circumstances of this case, I cannot conclude that the error was harmless. Not only was this case tried twice, but the testimony of the Philadelphia police officers was riddled with inconsistencies, including inconsistencies with the Taser’s internal records. On the record of this case, I am unable to conclude that it is “highly probable” that the evidence “did not contribute to the jury’s judgment of conviction.” United States v. Jannotti, 729 F.2d 213, 219-20 (3d Cir.1984) (quoting Gov’t of Virgin Islands v. Toto, 529 F.2d 278, 284 (3d Cir.1976)).
*94 Because I would reverse the conviction and remand for a new trial, I respectfully dissent.

. In an initial discussion with counsel of the defense's objection to the testimony prior to trial, the District Judge appeared to be weighing the Rule 403 factors of probative value and undue prejudice. But the District Judge did not rule on the issue that day. Instead, he discussed the objection with counsel again in a sidebar during the trial. During this discussion, the District Judge focused mainly on the Rule 404(b) analysis, discussing, for example, whether testimony that Colon planned to shoot Face and that the shooting would have been over a drug deal constituted "intrinsic” evidence. Eventually the District Judge concluded that the fact that Colon planned to shoot Face “would be intrinsic evidence" and "would have proper purpose” under Rule 404(b) "to show the circumstances of the case, and the reason why the defendant ... had a gun that night.” He then made the conclusory statement that "the probative value, that is the admission, is not substantially outweighed by any amount of unfair prejudice.”

. The government referred to this testimony several times during its closing argument, noting at one point that Colon was put on the street because "he was going to hit up a man named Face. He was going to hit him up. He was going to shoot him.”

. Colon did not request a limiting instruction and I am not suggesting that the District Court erred by not giving one sua sponte; however, the absence of a limiting instruction undoubtedly aggravated the prejudicial effect of the Face testimony.