# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellee,

v

HOWARD LEROY MCMANAMY,

          Defendant-Appellant.

UNPUBLISHED
January 22, 2015

No.  318545
Oakland Circuit Court
LC No.  2013-245729-FH

Before:  O'CONNELL, P.J., and BORRELLO and GLEICHER, JJ.

GLEICHER, J. (*concurring*).

The dissent decries the lead opinion's "linear reasoning," contending that the lead "fails to appreciate the ways in which this case is different from *Old Chief v United States*, 519 US 172; 117 S Ct 644; 136 L Ed 2d 574 (1997)," and the trial court's role in weighing probity and prejudice.  I write separately to reinforce the straightforward reasoning of the lead opinion and to respond to the dissent's circular arguments.

Defendant offered to stipulate to his status as a convicted sex offender subject to registration under SORA.  He readily admitted his status during his testimony, and that he had not registered at the time the prosecutor claimed he should have.  The sole issue in dispute was whether his failure to register qualified as *willful*.  Against this factual backdrop, the dissent's attempt to distinguish this SORA prosecution from *Old Chief* serves only to emphasize their similarities.

*Old Chief* teaches that if a defendant offers to stipulate to a fact for which the prosecution intends to offer evidence, the evidence may lose its probative value.  See *Old Chief*, 519 US at 191-192.  In *Old Chief*, the defendant offered to stipulate to his status as a felon, an element of the offense with which he was charged.  Here, defendant offered to stipulate to his status as a convicted sex offender subject to SORA registration requirements, elements of the offense for which he stood trial.  While the United States Supreme Court acknowledged in *Old Chief* that evidence of previous crimes may bear relevance to the prosecution's case by providing "evidentiary richness and narrative integrity," no such need was shown as to Mr. Old Chief. *Old Id.* at 183.  Nor has the dissent identified any need here.

According to the dissent, the certified copy of conviction aided the prosecutor's case "by proving that (1) defendant qualified as a sex offender who was required to register under SORA, when not all sex offenses qualify, (2) defendant had registration requirements, and (3) defendant

-1-

was aware of each requirement, because defendant initialed each requirement." But the stipulation would have avoided the prosecutor's need to prove item (1), that defendant was a sex offender required to register under SORA, and item (2), that SORA's registration requirements applied to defendant.[1] As to item (3), that defendant was aware of the requirements, defendant admitted as much at trial, and (as the lead opinion clearly states) "the initialed pages demonstrating defendant's awareness of his reporting obligations[] were properly admitted as they contained highly relevant, unobjectionable material."

Had the trial court adopted the proposed stipulation, what would have remained for the prosecutor to prove? Only that defendant *willfully* failed to register despite knowing the registration rules. How does defendant's sexual offender "rap sheet" supply probative evidence regarding that issue? The dissent does not say. Instead, our dissenting colleague merely repeats that the evidence "had more probative value than simply proving defendant's status as an offender." No further logic is forthcoming.

Instead, the dissent grasps at a jury instruction, M Crim JI 4.7, which allows jurors to disregard stipulated *facts*. Obviously, that jury instruction should not be given when the parties agree that a legal-status stipulation governs the elements of a charged offense.[2] A trial court's instruction that the jury must accept the stipulation would stand on firm legal ground. Thus, the existence of M Crim JI 4.7 lends no persuasive support to the dissent's argument.

Most tellingly, the dissent utterly fails to explain the relevance of (1) the *number* of convictions giving rise to defendant's duty to register, or (2) that some of the convictions involved minors, and (3) that others included "multiple variables." Like the trial court, the dissent finds it particularly noteworthy that defendant is a "serial sex offender." No doubt the jury, too, took careful note of this especially damning fact. And that is precisely the point of *Old Chief*. Or, as our Supreme Court aptly stated in *People v Allen*, 429 Mich 558, 566; 420 NW2d 499 (1988):

> There can be little doubt that an individual with a substantial criminal history is more likely to have committed a crime than is an individual free of past criminal activity. Nevertheless, in our system of jurisprudence, we try cases, rather than persons, and thus a jury may look only to the evidence of the events in question, not defendants' prior acts in reaching its verdict.

The dissent is correct that in a SORA case, the jury must learn that the defendant has committed a sex crime. And in a felon-in-possession case, the jury must know that the defendant has committed a felony. A defendant who admits his past sex crime and owns up to his duty to

---

[1] The dissent makes no effort to explain the relevance of the fact that "not all sex offenses qualify" for registration; that issue never emerged in this case. Defendant's offer to stipulate that SORA governed *his* registration requirement similarly would have eradicated this issue from the realm of relevance.

[2] The Supreme Court has not officially sanctioned the criminal jury instructions, and when a published instruction does not accurately state the law, it should not be given. *People v Stephan*, 241 Mich App 482, 495; 616 NW2d 188 (2000).

register may engender a modicum of respect. A defendant shown to be a "serial sex offender" who has victimized children and committed still other variations on the sex offense theme likely would be judged morally undeserving of a verdict in his favor. Defendant's credibility also suffers with the introduction of evidence of his prior bad acts.[3] Such evidence "lure[s]the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 US at 180.

Indisputably, highly prejudicial evidence of past conduct may, in some cases, bear great relevance to the issues presented.[4] But like the trial court, the dissent has failed to articulate any relevance attending the "rap sheet" not subsumed within the stipulation. Had the trial court accepted the stipulation, the prosecution's consequent inability to introduce the "rap sheet" would not have weakened the prosecution's case. Because there was "no cognizable difference between the evidentiary significance of the admission and the official record's legitimately probative component," *id.* at 191, the details of defendant's convictions were devoid of relevance. The lead opinion properly concludes that the remaining prejudice impermissibly tempted the jury to draw a propensity inference. Accordingly, I concur that defendant's conviction must be reversed and a new trial granted.

/s/ Elizabeth L. Gleicher

---

[3] Evidence of prior crimes heightens the potential for prejudice when the defendant's testimony is important "to the decisional process." *Allen*, 429 Mich at 606.

[4] The dissent makes a valid point that failure to register pursuant to the SORA is a specific intent crime, while the crime for which Old Chief stood trial was one of general intent. This distinction does not relieve the prosecution from the obligation under MRE 403 to articulate a relevant, non-propensity purpose for the detailed evidence of defendant's prior sex offenses. No argument was raised here that the evidence qualified as relevant under MRE 404(b), which under appropriate factual circumstances affords the prosecutor an avenue for admission of prior crimes, if relevant to an issue in the case. The dissent has not explained how evidence that defendant had committed four sex crimes, two against children and two involving "multiple variables," made it more or less likely that he willfully failed to register as a sex offender.