NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 09 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10029 |
| Plaintiff - Appellee, | D.C. No. 4:06-cr-01142-FRZ-GEE-1 |
| v. | |
| VICTOR MANUEL REZA-RAMOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted March 11, 2013
Submission Vacated November 25, 2013
Resubmitted March 2, 2016
San Francisco, California

Before: WALLACE, McKEOWN, and IKUTA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Victor Manuel Reza-Ramos appeals from his conviction for first degree murder under 18 U.S.C. § 1111.  We have jurisdiction to review the district court's final judgment under 28 U.S.C. § 1291.[1]

The district court did not abuse its discretion in admitting Dr. David Cassidy's testimony regarding his DNA analysis.  *See United States v. Chischilly*, 30 F.3d 1144, 1152 (9th Cir. 1994), *overruled on other grounds by United States v. Preston*, 751 F.3d 1008 (9th Cir. 2014) (en banc).  The test of reliability established by *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) is "flexible," *see United States v. Mendoza-Paz*, 286 F.3d 1104, 1112 (9th Cir. 2002), and the district court could reasonably conclude that Dr. Cassidy's explanation of his methodology was adequate to establish that it was scientifically valid and reliable, *see Lust ex. rel. Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 597–98 (9th Cir. 1996), and based on research conducted independent of the litigation, *see Daubert v. Merrell Dow Pham., Inc.*, 43 F.3d 1311, 1317–18 (9th Cir. 1995).

The district court did not abuse its discretion in limiting the scope of Reza-Ramos's questioning of Dr. Cassidy regarding whether he had used a specified DNA testing method.  *See United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir.

---

[1]We address Reza-Ramos's remaining arguments in an opinion filed concurrently with this disposition. *United States v. Reza-Ramos*, ___ F.3d ____ (2016).

2007) (en banc). Reza-Ramos was permitted to question Dr. Cassidy regarding the reliability of his methods, including the sample size used, and so had an "*opportunity* for effective cross-examination." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). Accordingly, the district court's ruling did not deny Reza-Ramos "the right of effective cross-examination." *Davis v. Alaska*, 415 U.S. 308, 318 (1974).

The district court did not abuse its discretion in admitting Dr. Cassidy's testimony about his statistical interpretations of the DNA data. The court could reasonably conclude that Dr. Cassidy's testimony was based on sufficient facts and was the product of reliable principles and methods, *see* Fed. R. Evid. 702, and that its probative value was not substantially outweighed by any prejudicial effect, *see* Fed. R. Evid. 403. Further, Dr. Cassidy's testimony at trial avoided equating "the random-match probability" with "the probability that the defendant was not the source of the DNA sample," *see McDaniel v. Brown*, 558 U.S. 120, 128 (2010), and did not otherwise misstate the probative value of the DNA evidence.

The prosecutor's statements during closing arguments did not violate Reza-Ramos's right to due process because they did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotations and citations omitted).

Although the prosecutor committed the "prosecutor's fallacy" in explaining the DNA evidence in closing argument, the statement did not materially misstate the probative value of the DNA evidence, and the evidence of Reza-Ramos's guilt was overwhelming even apart from DNA evidence. Accordingly, there was no reasonable probability that the error affected the outcome of the trial. *United States v. Marcus*, 560 U.S. 258, 262 (2010). For the same reason, we reject Reza-Ramos's challenge to other statements in the prosecutor's closing argument, which either were not errors at all or were harmless in light of the overwhelming evidence of guilt.

The district court did not abuse its discretion in admitting evidence of Reza-Ramos's two prior arrests related to his illegal border crossings. The evidence was admissible to prove Reza-Ramos's alienage and opportunity to commit the crime, *see* Fed. R. Evid. 404(b); *see also United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995), and was admissible even though the government could have adduced other evidence to prove the same matters, *Old Chief v. United States*, 519 U.S. 172, 179 (1997).

Reza-Ramos's argument that 18 U.S.C. § 1111(b)'s mandatory sentence of life imprisonment is unconstitutional is foreclosed by *United States v. LaFleur*, 971 F.2d 200, 211–13 (9th Cir. 1991).

Finally, we reject Reza-Ramos's argument that cumulative errors at trial require reversal, because any errors did not render the resulting criminal trial fundamentally unfair. *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007).

**AFFIRMED.**