# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-0905** (Ohio County 16-F-49)

**Matthew Gates,**
**Defendant Below, Petitioner**

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Matthew Gates, by counsel Brent A. Clyburn, appeals the Circuit Court of Ohio County's September 18, 2017, order sentencing him following his conviction of seven counts of sexual abuse by a custodian. Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner asserts that impermissible "other acts" evidence was admitted at trial and that insufficient evidence was adduced to establish that he was the victim's "custodian."

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, law enforcement officers began an investigation following D.S.'s disclosure of sexual abuse by petitioner.[1] During its investigation, evidence of certain of petitioner's sexual proclivities came to light. Namely, petitioner was accused of inserting bottles, cans, and other objects into D.S., a minor, in a fetishistic practice known as "stretching." The victim's mother, who previously had been in a consensual relationship with petitioner, reported that petitioner practiced this act on her as well. On May 9, 2016, petitioner was indicted on seven counts of sexual abuse by a custodian arising from his abuse of D.S.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

Prior to trial, pursuant to Rule 404(b) of the West Virginia Rules of Evidence, the State filed a notice of its intent to introduce evidence from the victim's mother of petitioner's insertion of various objects into her orifices for his sexual gratification.[2] The State argued that the "fetish or type of sexual preferences enjoyed by the [petitioner] is extremely relevant evidence in light of the allegations made by D.S. in that the types of sex acts at issue are very unusual." Following a *McGinnis* hearing on December 1, 2016, the circuit court deemed the 404(b) evidence admissible for the limited purpose of establishing petitioner's identity as the perpetrator of certain acts described in the indictment.[3]

Subsequent to the court's determination that the Rule 404(b) evidence was admissible, petitioner proposed stipulating that he had sexual contact with the victim. Petitioner argued that such a stipulation would render the evidence concerning the nature of the sexual encounters irrelevant. The State indicated it would not enter into such a stipulation, and, on July 5, 2017, the court found that it could not force the State to do so.

Petitioner's trial began on July 10, 2017, and lasted four days. Although no stipulation was entered into by the parties, petitioner nonetheless admitted to the sexual conduct charged in the indictment and focused his defense on arguing that he was not D.S.'s custodian. At the conclusion of the trial, the jury found petitioner guilty of all seven counts of sexual abuse by a custodian charged in the indictment.

On September 7, 2017, the parties appeared for sentencing. The court sentenced petitioner to not less than ten nor more than twenty years for each conviction, and it ordered that the sentences run consecutively for an aggregate sentence of not less than seventy nor more than one hundred forty years in prison. The court memorialized these rulings in its September 18, 2017, sentencing order, and it is from this order that petitioner appeals.

Petitioner first argues on appeal that the circuit court erred in permitting the Rule 404(b) evidence when he conceded identity. Petitioner argues that his admission of sexual contact with the victim rendered evidence of the sex acts in which he engaged with the victim's mother

---

[2]Rule 404(b) of the West Virginia Rules of Evidence prohibits admission of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*

[3]In *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994), this Court outlined the steps a circuit court must take to determine the admissibility of evidence under Rule 404(b). Here, while each count in the indictment charged sexual abuse by a custodian, petitioner was alleged to have used objects in the commission of certain counts. The circuit court noted that during the investigation into petitioner's crimes, petitioner claimed that D.S. used the objects on herself.

2

irrelevant. Petitioner also argues that he was unfairly prejudiced by the evidence, and that it confused the issues and potentially misled the jury.

We review a circuit court's decision to admit evidence pursuant to Rule 404(b) under an abuse of discretion standard. *State v. McGinnis*, 193 W.Va. 147, 159, 455 S.E.2d 516, 528 (1994). "Our function . . . is limited to the inquiry as to whether the trial court acted in a way that was so arbitrary and irrational that it can be said to have abused its discretion." *Id.* Further, "we review [the admission of Rule 404(b) evidence] in the light most favorable to the party offering the evidence, . . . maximizing its probative value and minimizing its prejudicial effect." *Id.*

We find no abuse of discretion in the circuit court's admission of the Rule 404(b) evidence. The Supreme Court of the United States has noted the "familiar, standard rule that the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Old Chief v. U.S.*, 519 U.S. 172, 186-87 (1997). This Court quoted approvingly *Old Chief* in *State v. Harris*, 230 W.Va. 717, 742 S.E.2d 133 (2013), in observing the expectations jurors have in hearing cases. *Id.* at 722, 742 S.E.2d at 138. Specifically, we agreed that

> [p]eople who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard. A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best.

*Id.* (quoting *Old Chief*, 519 U.S. at 189). Thus, petitioner's concession aside, the evidence was relevant to establish the perpetrator's identity.

Petitioner also argues that admission of the mother's testimony unfairly prejudiced him and "confused the issues and, potentially, misled the jury." Aside from his bare assertions of such, however, he offers no explanation of how he was unfairly prejudiced, how the issues were confused, or how the jury was misled. *See* Syl. Pt. 10, in part, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994) ("The Rule 403 balancing test is essentially a matter of trial conduct, and the trial court's discretion will not be overturned absent a showing of clear abuse."). Indeed, petitioner admitted to the conduct alleged, choosing to focus his defense on arguing he was not D.S.'s custodian. Accordingly, we find no error in the circuit court's admission of the victim's mother's testimony.

In petitioner's final assignment of error, he argues that there was insufficient evidence to conclude he was the victim's "custodian."[4] In support, petitioner asserts that "it could be argued

---

[4]West Virginia Code § 61-8D-5(a) states that

(continued . . . )

3

that the [p]etitioner and D.S.'s mother were roommates[,]" that the victim was not in need of a "babysitter," and that the victim often "volleyed for control of herself[,]" thereby excluding petitioner as a "custodian."

The standard applicable to challenges to the sufficiency of the evidence to support a conviction is well settled:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). In mounting a challenge to the sufficiency of the evidence, a petitioner

> takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, Syl. Pt. 3.

West Virginia Code § 61-8D-1(4) defines "custodian" as

---

> [i]f any parent, guardian or *custodian* of or other person in a position of trust in relation to a child under his or her care, custody or control, shall engage in or attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control, notwithstanding the fact that the child may have willingly participated in such conduct, or the fact that the child may have consented to such conduct or the fact that the child may have suffered no apparent physical injury or mental or emotional injury as a result of such conduct, then such parent, guardian, *custodian* or other person in a position of trust shall be guilty of a felony[.]

(Emphasis added.)

a person over the age of fourteen years who has or shares actual physical possession or care and custody of a child on a full-time or temporary basis, regardless of whether such person has been granted custody of the child by any contract, agreement or legal proceeding. "Custodian" shall also include, but not be limited to, the spouse of a parent, guardian or custodian, or a person cohabiting with a parent, guardian or custodian in the relationship of husband and wife, where such spouse or other person shares actual physical possession or care and custody of a child with the parent, guardian or custodian.

Finally, we have also held that "[t]he question of whether a person charged with a crime under West Virginia Code § 61-8D-5 (2010) is a custodian or person in a position of trust in relation to a child is a question of fact for the jury to determine." Syl. Pt. 4, *State v. Timothy C.*, 237 W.Va. 435, 787 S.E.2d 888 (2016) (citation omitted).

At trial, the victim identified petitioner as her "stepfather." Although petitioner did not marry the victim's mother and, therefore, was not legally her stepfather, the victim testified that petitioner was listed as her stepfather on school and medical records. The victim recounted that she lived with petitioner and her mother, and while living with them, petitioner exercised disciplinary authority over the victim, transported her to school and appointments, and assigned her chores. The victim's mother similarly testified that the victim referred to petitioner as her stepfather when speaking with friends and teachers, that petitioner disciplined the victim, that he served as the victim's emergency contact along with the mother, and that petitioner "called himself her stepdad." Under *Guthrie*, we find that this evidence was sufficient to establish that petitioner was D.S.'s custodian. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we affirm the circuit court's September 18, 2017, sentencing order.

Affirmed.

**ISSUED:** November 21, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

5