**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2738 |
| Plaintiff - Appellee, | D.C. No. 3:19-cr-00089-RRB-MMS-2 |
| v. | MEMORANDUM[*] |
| ZACHARY LAWRENCE TORRES, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted August 14, 2025[**]
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Zachary Lawrence Torres appeals from his conviction for being a felon in

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Torres argues that the district court erred in admitting an audio clip from a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

recorded phone call in which the unidentified speaker (purportedly Torres) says, "Alright, I'm coming over there. But if anything happens, I'm shooting everybody." We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a trial court's admission of evidence, *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016), and the record de novo for harmless error, *Arizona v. Fulminante*, 499 U.S. 279, 295–96 (1991). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The district court did not abuse its discretion in admitting the evidence as non-hearsay. Evidence is hearsay only if it is offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c)(2). Here, before admitting the clip, the district court instructed the jury that the evidence was "not being offered for the truth of the matter asserted," but rather to show "the events as they unfolded in the presence of th[e] witness."

2. The district court also did not abuse its discretion in concluding that the evidence was relevant. Evidence is relevant if it has the tendency to make a fact of consequence more or less probable, Fed. R. Evid. 401, even if the evidence is only "a step on one evidentiary route to the ultimate fact," *Old Chief v. United States*, 519 U.S. 172, 178–79 (1997). Here, the evidence made it more probable that Torres was the source of illegal firearms and that he knowingly possessed them because a Cadillac registered to him showed up shortly after the phone call.

23-2738

3. The district court did not abuse its discretion by not excluding the evidence as unfairly prejudicial. A court may exclude evidence if the danger of unfair prejudice substantially outweighs its probative value. Fed. R. Evid. 403. Although the threat to "shoot[] everybody" is disturbing, it is not unfairly inflammatory in the context of a sale of illegal firearms, and the audio clip served to set the scene and establish mens rea. Thus, the court acted within its discretion in determining that the evidence's value to the jury was not substantially outweighed by any potential unfair prejudice to Torres.

4. Lastly, even if the district court did admit the evidence improperly, any error was harmless. When a court commits harmless error in admitting evidence, reversal of conviction is not required. *United States v. Bailey*, 696 F.3d 794, 803–04 (9th Cir. 2012). The burden is on the government to establish harmlessness by demonstrating that other overwhelmingly persuasive evidence supports Torres's guilt. *See id.* Here, a trained agent identified Torres as the source of the firearms, and the Cadillac that showed up to the sale was registered to him.

**AFFIRMED.**