**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-10870
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DERICK IRISHA BROWN,
a.k.a. Quentesa Jackson,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:20-cr-00243-LSC-SGC-1
_____

Before LUCK, BLACK, and WILSON, Circuit Judges.

PER CURIAM:

Derick Brown appeals her convictions for kidnapping and conspiracy to kidnap under 18 U.S.C. § 1201(a)(1) and (c). Brown

was sentenced to life imprisonment because her offense resulted in the death of the victim. Brown first argues that the government failed to satisfy § 1201(a)(1)'s jurisdictional element because it only alleged and proved at trial that she used a car in a non-commercial, intrastate manner, and therefore she did not use an instrumentality of interstate commerce. Second, Brown argues that the district court abused its discretion by admitting at trial post-mortem photos of the deceased victim and certain portions of a recorded interview of her conducted by law enforcement. After review,[1] we affirm.

## I. DISCUSSION

### A. Statutory Interpretation

First, Brown argues that we should interpret § 1201(a) to not extend to her conduct in this case based on the doctrine of constitutional avoidance and the rule of lenity. Specifically, she asserts that the charged § 1201(a) jurisdictional element, which requires that a defendant "use[] . . . any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense," should only apply to automobiles if they are specifically used in interstate

---

[1] We review a denial of a motion to dismiss an indictment challenging the constitutionality of a statute *de novo*. *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009). We also review a denial of a motion for judgment of acquittal *de novo*. *United States v. Dulcio*, 441 F.3d 1269, 1276 (11th Cir. 2006). Lastly, we review a district court's evidentiary rulings for abuse of discretion. *Spoerke*, 568 F.3d at 1244.

commerce and not to any use of an automobile.   18 U.S.C. § 1201(a)(1).  She reasons that if the statute is interpreted in the way she suggests, her conduct would not satisfy the charged jurisdictional element because her use of a car in this case was wholly intrastate.

We reject this argument because § 1201(a)'s jurisdictional language is unambiguous.  *See United States v. Davis*, 588 U.S. 445, 463 n.6 (2019) (explaining that the doctrine of constitutional avoidance only applies when interpreting ambiguous statutes); *United States v. Garcon*, 54 F.4th 1274, 1285 (11th Cir. 2022) (en banc) (stating the same about the rule of lenity), *abrogated in part on other grounds by Pulsifer v. United States*, 601 U.S. 124 (2024).  It is clear that Congress used the phrase "uses . . . any means, facility, or instrumentality of interstate or foreign commerce" in § 1201(a) to exercise to the fullest extent its power under the Commerce Clause to regulate instrumentalities of interstate commerce.  *See United States v. Ballinger*, 395 F.3d 1218, 1230-38 (11th Cir. 2005) (en banc) (reading "unambiguous jurisdictional language" to be a full exercise of Congress's Commerce Clause power).  Therefore, we read § 1201(a) to unambiguously extend to the wholly intrastate use of an automobile as an instrumentality of interstate commerce if the regulation of such a use falls within Congress's power under the Commerce Clause.

B.  *Commerce Clause*

Brown next argues that, if we do not interpret § 1201(a) in the way she suggests, the district court nevertheless should have

granted her motions to dismiss and for judgment of acquittal because a car used wholly intrastate is not an instrumentality of interstate commerce. Specifically, she asserts that the district court erred by concluding that automobiles are *per se* instrumentalities of interstate commerce.

This argument is foreclosed by binding precedent. In *United States v. Bryan*, the defendants argued that there was insufficient evidence to support their § 1201(a) attempted kidnapping convictions. 159 F.4th 1274, 1293 (11th Cir. 2025). Specifically, they argued that the government did not establish that they used an instrumentality of interstate commerce in the commission of their offenses because trial evidence showed that their use of a truck was wholly intrastate. *Id.* at 1294-95. We rejected the defendants' argument and held that automobiles, such as the truck used by the defendants, are *per se* instrumentalities of interstate commerce. *Id.* at 1295.

Because, under *Bryan*, an automobile is *per se* an instrumentality of interstate commerce, even if it is used purely intrastate, Brown's § 1201(a) conviction does not violate the Commerce Clause. Brown does not dispute that the indictment alleged, and trial evidence established, that she used a car—a Toyota Sequoia—in the commission of her kidnapping offense. Therefore, the government satisfied § 1201(a)'s jurisdictional element, and so the district court did not err by denying Brown's motions to dismiss and for judgment of acquittal based on the Commerce Clause.

## C. *Evidentiary Rulings*

Lastly, Brown argues that the district court abused its discretion by admitting two pieces of evidence at trial: (1) post-mortem photos of the deceased victim and (2) portions of a recorded interview of her conducted by law enforcement. Brown asserts that the court should have excluded both pieces of evidence under Fed. R. Evid. 403, which states that courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

Applying the broad deference we must afford to the district court for its Rule 403 rulings, we conclude that the district court did not abuse its discretion by admitting either piece of evidence. *See United States v. Costa*, 947 F.2d 919, 924 (11th Cir. 1991) ("This Court has emphasized that the trial judge is accorded the broadest discretion in determining whether evidence should be excluded under Rule 403." (quotation marks omitted)); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010) ("Rule 403, we have cautioned, is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility. . . . We have also said that in reviewing issues under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." (quotation marks and citations omitted)); *United States v. Church*, 955 F.2d 688, 703 (11th Cir. 1992) (explaining that Rule 403 has a "strong presumption in favor of admissibility").

### 1. Post-Mortem Photos

Brown argues that the district court should not have admitted the post-mortem photos of the deceased victim because she offered to stipulate to the fact of the victim's death. She asserts that the photos did not have any probative value other than to prove the victim's death, which the government already established through the testimony of the medical examiner who performed the autopsy of the victim.

The Supreme Court has held that it is an abuse of discretion for a district court to admit evidence of a defendant's prior conviction in an 18 U.S.C. § 922(g)(1) case if the defendant offers to stipulate as to the existence of the prior conviction. *Old Chief v. United States*, 519 U.S. 172, 174 (1997). However, the Court limited its holding in *Old Chief* to evidence of prior convictions in cases where a defendant's convict status is at issue and explicitly did not extend the holding to all types of evidence. *Id.* at 183 n.7, 191-92 ("[T]he prosecutor's choice [to prove its case using prejudicial evidence] will generally survive a Rule 403 analysis when a defendant seeks to force the substitution of an admission for evidence creating a coherent narrative of his thoughts and actions in perpetrating the offense for which he is being tried.").

Moreover, on multiple occasions we have rejected arguments that prejudicial evidence should be excluded simply because the defendant offered to stipulate to facts that the evidence sought to prove, including after *Old Chief* was decided. *See United*

23-10870              Opinion of the Court                    7

*States v. Bowers*, 660 F.2d 527, 529-30 (5th Cir. Unit B Sept. 2, 1981)[2] (holding that a district court did not abuse its discretion by admitting at trial a photo of the child victim's "lacerated heart" even though the defendant stipulated as to the cause of death); *United States v. De Parias*, 805 F.2d 1447, 1453-54 (11th Cir. 1986) (holding that a district court did not abuse its discretion by admitting at trial photos of the victim's "badly decomposed corpse" even though a coroner testified as to the cause of the victim's death), *overruled in part on other grounds by United States v. Kaplan*, 171 F.3d 1351 (11th Cir. 1999) (en banc); *United States v. Brown*, 441 F.3d 1330, 1361-63 (11th Cir. 2006) (holding the same with respect to crime-scene photos of the deceased victim's body); *Alfaro-Moncada*, 607 F.3d at 734 (holding that a district court did not abuse its discretion by admitting at trial photos of child pornography stored on DVDs even though the defendant stipulated that the DVDs contained child pornography).

Applying this law, we conclude that the district court did not abuse its discretion by admitting the post-mortem photos of the deceased victim even though Brown offered to stipulate to the fact that the victim died. Although there was a high likelihood that the photos would prejudice Brown, they were also highly probative. The photos were probative to establish that the victim died and to support the Government's narrative as to the time of the victim's

---

[2] All decisions rendered by the Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc)

death and the location of her body.  The facts that Brown offered to stipulate to the fact of the victim's death and that a government witness testified as to the victim's cause of death do not undermine the government's right to prove its case using this highly probative evidence.  *See Old Chief*, 519 U.S. at 191-92; *Bowers*, 660 F.2d at 529-30; *De Parias*, 805 F.2d at 1453-54; *Brown*, 441 F.3d at 1361-63; *Alfaro-Moncada*, 607 F.3d at 734.  The district court's decision to admit the photos was therefore well within its wide discretion. *See Costa*, 947 F.2d at 924; *Alfaro-Moncada*, 607 F.3d at 734; *Church*, 955 F.2d at 703.

    *2. Interview Video*

Brown argues that the district court abused its discretion by admitting the full video of a police interview of her because the video included segments in which the interviewing officer scolded her for failing to intervene to protect the victim.  Brown asserts that, while her responses to the officer may have been probative, the officer's scolding had no probative value and a high danger of unfair prejudice.

The district court did not abuse its discretion by admitting the full interview video.  As Brown concedes, her statements during the interview were relevant for the purpose of determining her knowledge and intent relating to the kidnapping.  *See United States v. Brown*, 53 F.3d 312, 314-15 (11th Cir. 1995) ("[A] statement by a defendant, if disbelieved by the jury, may be considered as *substantive evidence* of the defendant's guilt. . . . This rule applies with special force where the elements to be proved for a conviction

23-10870                Opinion of the Court                9

include highly subjective elements: for example, the defendant's intent or knowledge.").

The district court decided to admit the full interview video because it considered that the interviewing officer's questions and statements provided important context for Brown's responses. While there was a potential risk that the interviewing officer's "scolding" statements could unfairly prejudice Brown, the district court's conclusion that the contextual value of those statements outweighed any risk of unfair prejudice was not an abuse of discretion. *See United States v. Graham*, 123 F.4th 1197, 1263 (11th Cir. 2024) (explaining that the abuse of discretion standard "gives the district court considerable leeway in making its evidentiary determinations" (quotation marks omitted)).

Brown contends that the district court could have precluded much of the interviewing officer's "scolding", and the video still would have conveyed the necessary context to the jury. While the court could have taken that approach, we view its decision to admit the full video as within the "range of possible conclusions" that it was permitted to reach. *See United States v. Frazier*, 387 F.3d 1244, 1265-66 (11th Cir. 2004).

Further, the district court instructed the jury that it could only convict Brown if she knowingly and willfully kidnapped the victim, which helped to mitigate any prejudice or confusion that the interviewing officer's accusations regarding Brown's failure to

intervene on behalf of the victim might have caused.[3] *See United States v. Macrina*, 109 F.4th 1341, 1350 (11th Cir. 2024) ("[A] limiting instruction in the context of Rule 403 evidence may mitigate the risk of unfair harm.").

## II.  CONCLUSION

The district court did not err by denying Brown's motions to dismiss the indictment and for judgment of acquittal because an automobile is a *per se* instrumentality of interstate commerce.  The district court also did not abuse its discretion by admitting post-mortem photos of the deceased victim and the entirety of a video of a police interview of Brown.  Accordingly, we affirm Brown's convictions.

**AFFIRMED.**

---

[3] Brown also argues that we should reverse because the district court's errors cumulatively denied her a fair trial, but this argument fails because Brown has failed to establish even a single error. *See United States v. Joseph*, 978 F.3d 1251, 1265 (11th Cir. 2020).